CECELA FRAVELL *vs.* P. J. NETT.

April 3, 1891.

**Action for Money Loaned — Proof of Delivery of Third Person's Note — Immaterial Variance.** — Where the complaint set up, as a cause of action, the loan of a specific sum which defendant promised to repay, and the evidence showed that the plaintiff, instead of money, turned over to defendant the promissory note of a third person, the face value of which defendant agreed to repay with interest, and the answer denied the loan, but admitted the receipt of a note for the same sum, which defendant alleges he purchased on credit, *held*, that the variance in the proof was immaterial.

**Contract for Service — Extra Work — Questions for Jury.** — Whether extra or different work than called for by a special contract, and not expressly agreed to be paid for, is of such character as to raise an implied *assumpsit* to pay for the same, is usually a question for the jury, to be determined by the nature, amount, and value of such work.

Appeal by defendant from a judgment (of $721.13) of the district court for Stearns county, where the action was tried before *Searle, J.,* and a jury.

*Taylor, Calhoun & Rhodes,* for appellant.

*D. W. Bruckart,* for respondent.

VANDERBURGH, J.  Plaintiff's complaint sets up several causes of action, all of which are admitted by defendant, except the first and sixth, which alone were litigated.  The first count charges that in June, 1886, the plaintiff loaned to defendant the sum of $360, and alleges an indebtedness by him to her in that sum, with interest.  It is objected that the evidence fails to establish this cause of action.  Instead of advancing that amount in money, the facts, as shown by plaintiff's evidence, are these:  Plaintiff held a note against one Brick for the sum in question, who in turn was a creditor of the defendant, and the latter procured her note in order to apply the same on his indebtedness to Brick, under a promise to repay her the amount of her note, with interest, which he has never done.  The defendant testifies that he bought the note of her in 1885, and gave her his

note for the sum of $360 in the spring of 1885, in payment therefor, and that he paid her the same in full in June, 1886. This is denied by the plaintiff. A question of fact was thus presented to the jury upon the evidence, and it is the only one of importance on that branch of the case. It is objected that the evidence did not support the plaintiff's cause of action, in which she alleged that she loaned defendant the sum named, and that a loan implies that money, not chattels or securities, was advanced or delivered to the borrower. But the variance was clearly not material, since, according to the plaintiff's testimony, the note was taken and to be used as money, and the defendant was not misled; for he alleges that it was a note he received, but that he purchased it, and gave his own note in payment therefor. The issue was clearly understood, and the evidence under it fairly submitted to the jury.

2. The plaintiff's last cause of action is for work and labor alleged to have been performed for defendant at his request, and to have been of the reasonable value stated in the complaint. The defence set up to this cause of action is that the services referred to were rendered for the board and lodging furnished to plaintiff by defendant, and which it was understood and agreed between the parties should be in full satisfaction therefor. The plaintiff testified that she did agree to do housework for her board, but that by his direction she did men's work outside the house, and for several months assisted in taking care of stables, cleaning, loading wheat, etc., for him, which she claims was entirely separate and independent of the housework agreed on. It was competent for the defendant to contract for extra or different work outside and apart from that embraced in the original contract, and in such case the facts may warrant a recovery in *assumpsit* for the value thereof. 2 Chit. Cont. 824. Upon the evidence in this case it was proper to leave the question of such new agreement to the jury. It may be implied from the nature and value of the work, and a separate recovery may be had therefor. *Lovelock* v. *King*, 1 Moody & R. 60; *Neale* v. *Engle*, (Pa.) 7 Atl. Rep. 60. There was therefore no error in the charge on this branch of the case.

Judgment affirmed.